# CHARLESTON.

STATE v. JASPER *et als.*

Submitted May 2, 1916.    Decided May 16, 1916.

CONTEMPT—*Punishment—Power of Court.*

The courts of this state have authority by statute to issue attachments and punish summarily for contempt in the following cases, among others, namely: for ''misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice'', and for ''misbehavior of an officer of the court, in his official character.'' Section 27, chapter 147, Code.

Error to Circuit Court, Fayette County.

S. J. Jasper and others were convicted of contempt, and bring error.

*Reversed in part.    Affirmed in part.*

*McClintic, Mathews & Campbell,* for plaintiffs in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

MASON, JUDGE:

By an order entered in the Criminal Court of Fayette County, it appears that S. J. Jasper, R. W. Cannaday, and C. W. Osenton were fined fifty dollars each for contempt of court. The defendants carried the case to the circuit court of the county, and the judgment of the criminal court was affirmed. The defendants have brought the case here for review upon writ of error.

There is no material conflict in the testimony upon which the proceedings for contempt were based. The record shows that separate indictments for felony were pending against Jasper and Cannaday, in the Criminal Court of Fayette County. C. W. Osenton, who is a practicing attorney, appeared as one of counsel for these defendants. Among other defenses, a plea in abatement was tendered in each case. The purpose of the pleas was to show that the indictments in each case had been improperly returned by the grand jury. The

pleas tendered were identical except as to names. These pleas among other things charged that the judge of the court improperly influenced the grand jury in its action in this behalf. The court refused to permit the filing of the pleas, to which ruling the defendants excepted; and the pleas are made part of the record. While the court was passing on these motions, a bill of exceptions filed in the case shows that, "Thereupon the Court inquired of the defendants, S. J. Jasper and Dr. R. W. Cannaday, if they had signed said respective pleas, and if they knew the contents thereof, and they both answered that they had signed same and knew the contents thereof; thereupon the Court inquired of C. W. Osenton, of counsel for said defendants, if he prepared said pleas, and he stated that he had; and thereupon the said C. W. Osenton objected to the court interrogating the defendants upon said pleas, and directed them not to answer any further questions; and thereupon the court fined the said C. W. Osenton, S. J. Jasper and R. W. Cannaday fifty dollars each. Thereupon the said C. W. Osenton moved the court to set aside said finding in each case, which motion the court overruled, and to the action of the court in overruling said motion, the defendants excepted."

The order of the court assessing the fines states that, "This day the defendants, S. J. Jasper, R. W. Cannaday and C. W. Osenton, were adjudged for contempt of court for misbehavior in the presence of the court or so near thereto as to obstruct and interrupt the administration of Justice in this that C. W. Osenton, S. J. Jasper and R. W. Cannaday did prepare and file with the court under the guise and upon the pretext of filing a plea in abatement to the indictments in the case of the State of West Virginia against S. J. Jasper and R. W. Cannaday, for felonies, certain papers writings falsely charging bias and prejudice on the part of John T. Simms, Judge of the Court, and by insinuation and allegation, questioning the integrity of the trial judge as to matters now properly pending before him for the purpose of embarrassing and intimidating the Judge of the Court and hampering and impeding the progress of justice and for further misbehavior in the presence of the court for the purpose of obstructing

and interrupting the administration of Justice to-wit: When the Court was proceeding to inquire of S. J. Jasper and R. W. Cannaday whether they had signed said alleged pleas in abatement and whether they knew the contents of same and as to make further injuiry, C. W. Osenton, counsel for said Jasper and Cannaday, arose and in an insolent and offensive manner in the presence of the Court and in very audible tones advised the said Jasper and Cannaday not to answer further inquiries of the Judge of the Court and the said Jasper and Cannaday accepted counsel's advice and acquiesced therein and thereupon the court fined the said S. J. Jasper, R. W. Cannaday and C. W. Osenton, each $50.00 and costs for said contempt and a capias pro fine is awarded for said fine and costs.''

From the foregoing order it will be seen that the action of the court was based on the alleged misconduct of the defendants in the presence of the court, for, (a) preparing and filing in the court pleas in abatement hereinbefore referred to, and, (b) the defendant Osenton for advising the other two defendants not to answer further inquiries of the judge of the court, and the said Jasper and Cannaday for accepting counsel's advice and acquiescing therein.

Courts and judges of this state have authority by statute to issue attachment and punish summarily for contempt, and among others, in the following cases: For ''misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice'', and ''misbehavior of an officer of the court, in his official character.'' Sec. 27, chap. 147 of the Code, paragraphs first and third.

We shall consider first whether or not these defendants were guilty of such ''misbehavior'' in the presence of the court, in preparing and offering to file the pleas in abatement. There is no dispute about the facts that Osenton prepared and tendered the pleas or that the other defendants signed them and were familiar with their contents. But were the pleas of such character, or presented in such manner, as to amount to misbehavior? In other words, were the parties preparing and presenting them guilty of a contempt of court? Under the practice in this state, a defendant who has been indicted

by a grand jury may contest the validity of the indictment by pleas in abatement. If such pleas present a legal defense to the indictment, the court must permit them to be filed, and the issue made thereby to be tried by the proper proceeding. By an inspection of the pleas, it will be manifest that if the allegations of the pleas are true, the indictments should be quashed. For a full discussion of the errors which may be considered upon a plea in abatement challenging the validity of an indictment on the ground that the grand jury has not been selected in the manner provided by law and discussions with or suggestions made to members of the grand jury respecting evidence and their duties while so deliberating, reference is made to the recent case of *State* v. *Wetzel,* 75 W. Va. 7.

The defendants Jasper and Cannaday had been indicted for felonies. If the grand jury that found the indictments was not legally formed, or its members were improperly influenced during their deliberations, the defendants had the right to challenge the legality of the indictments returned under such circumstances, by proper pleas in abatement. A careful inspection of the pleas tendered by the defendants will suffice to show that it was not "misbehavior" to present them. We are of opinion that the defendants are not guilty of contempt for offering to file the pleas; but are they guilty of misconduct on account of the direction of Osenton to the defendants Jasper and Cannaday not to answer questions propounded by the court?

The order of the court recites that, "When the Court was proceeding to inquire of S. J. Jasper and R. W. Cannaday whether they had signed said alleged pleas in abatement and whether they knew the contents of same and as to make further inquiry, C. W. Osenton, counsel for said Jasper and Cannaday, arose and in an insolent and offensive manner in the presence of the court and in very audible tones advised the said Jasper and Cannaday not to answer further inquiries of the Judge of the Court and the said Jasper and Cannaday accepted counsel's advice and acquiesced therein." The record does not show that any questions were asked Jasper and Cannaday after their counsel had "directed them not to an-

swer any further questions''; and they had answered all questions asked. It is not perceived how Jasper and Cannaday were guilty of any misconduct. It does not appear that they appealed to their counsel for directions or signified their intention to follow his advice.

But what shall we say as to Mr. Osenton? He is a man of legal learning and much experience. He was quite familiar with the rules of courts. He was an officer of the court. Upon this occasion he seems to have forgotten the respect and courtesy which he as a member of the bar and officer of the court owed to the court. In open court, while exercising his privilege of appearing for clients, he deliberately directed his clients not to answer any further questions of the court. Clearly this was misbehavior. We must not be understood as encouraging an over subservient bar. It is the duty of counsel when addressing the court in the interest of his client, to combat and contest any adverse views of the judge expressed in the argument, and to protest against any course the judge may take which he thinks detrimental to the interest of his client. Much freedom and latitude should be allowed an attorney, but he should never go so far as to be disrespectful or discourteous. A court will always indulge an attorney in an effort to discover facts and present the law. In the case at bar, had counsel believed that his clients should not be interrogated about the pleas filed, the proper course would have been to appeal to the court. But when he directed his clients to refuse to answer questions propounded by the court, he was guilty of misbehavior and became liable to be proceeded against for contempt.

We reverse the judgments of the Criminal Court of Fayette County as to the judgments against Jasper and Cannaday and dismiss the proceedings as to them, but affirm the judgment of the court as to defendant Osenton.

*Reversed in part. Affirmed in part.*